**FILED**
Jun 27 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  s/ jenniferv  DEPUTY

Stephen G. Recordon (SBN 91401)
**Recordon & Recordon**
225 Broadway, Suite 1900
San Diego, CA 92101
Phone: (619) 232-1717
Facsimile: (619) 232-5325
Email: 1sgrecordon@gmail.com

Attorneys for Plaintiff Niel Toyama

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Niel Toyama,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>Specialized Collections Bureau, Inc, Ronald Elias, and Patricia Adams, all doing business under the fictitious business name of "SCB, Inc."<br><br>　　　　　　　Defendants. | Case No. **'19CV1208 L    RBB**<br><br>**Complaint for Violations of the Fair Debt Collection Practices Act, the Fair Debt Buying Practices Act and the Rosenthal Act** |

## I.     Introduction

1.     Plaintiff Niel Toyama, ("Toyama" or "Plaintiff"), through his counsel, brings this action to challenge the acts of Defendants Specialized Collections Bureau, Inc ("Specialized"), Ronald Elias ("Elias") and Patricia Adams ("Adams")(collectively, "Defendants") regarding violations by Defendants of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* ("RFDCPA" or "Rosenthal Act"), as well as violations by Specialized of the California Fair Debt Buying Practices Act ("FDBPA").

Complaint

2. Toyama makes these allegations on information and belief, with the exception of those allegations that pertain to Toyama or Toyama's counsel, which Toyama alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

5. Each named defendant is an agent of the other defendants, and each defendant is jointly and severally liable for the acts of the other defendants.

6. Defendants as a group engaged in the illegal acts alleged herein as a joint enterprise.

## II.    Jurisdiction and Venue

7. This action arises out of violations by all named Defendants of the FDCPA (15 USC 1692 *et seq*) and the Rosenthal Act (Cal. Civ. Code §1788, *et seq*) and by Defendant Specialized of the FDBPA under Cal. Civ. Code §1788.50, *et seq*.

8. As Defendants engage in business in the state of California and committed the acts that form the basis for this suit in the state of California, the Court has personal jurisdiction over Defendants for purposes of this action.

9. Venue is proper as some or all of the acts at issue herein occurred in the County of San Diego.

## III.   Parties

*Plaintiff*

10. Toyama is a natural person residing in California and in the County of Riverside, and is a consumer within the meaning of 15 U.S.C. §1692a(3) of the FDCPA in that he is a natural person purportedly obligated to pay a consumer debt, and is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing, he is a "debtor" as

that term is defined by California Civil Code §1788.2(h) and incorporated into California Civil Code §1788.50(c).

**Patricia Adams**

11. Adams is a natural person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

12. Adams in the ordinary course of business, regularly, and on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

13. Adams holds herself out as an employee or agent of "SCB, Inc," a false name for an entity that does not exist.

14. Toyama is informed and believes, and thereon alleges that Adams is doing business as "SCB, Inc," or is part of a group of persons, natural or otherwise, that jointly do business as "SCB, Inc."

**Ronald Elias**

15. Elias is a natural person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

16. Elias in the ordinary course of business, regularly, and on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

/ / /

Complaint

17. Toyama is informed and believes, and thereon alleges that Elias is doing business as "SCB, Inc," or is part of a group of persons, natural or otherwise, that jointly do business as "SCB, Inc."

*Specialized*

18. Toyama is informed and believes is informed and believes and thereon alleges that Defendant Specialized is a California corporation, engaged in the business of purchasing and collecting charged-off consumer debts, in whole or in part in the State of California, and is a "debt buyer" as that term is defined by California Civil Code §1788.50(a)(1).

19. Specialized is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

20. Specialized is also a person who, in the process of collecting debts they own or claim to own, uses a name other than their own, and which would indicate that another person is collecting or attempting to collect these debts.

21. Defendant Specialized, in the ordinary course of business, regularly, and on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

22. Toyama is informed and believes, and thereon alleges that Specialized is doing business as "SCB, Inc," or is part of a group of persons, natural or otherwise, that jointly do business as "SCB, Inc."

**IV.    Facts Common to all Claims for Relief**

*Debt to GE Money Bank*

23. Toyama is a resident of the County of Riverside and has never lived in the County of San Diego.

Complaint

-4-

24. In 2011, Toyama opened a consumer credit account with GE Money Bank, who offered credit plans under the business name of "Care Credit."

25. Toyama opened this account to pay for dental work, for himself.

26. Toyama then incurred a debt to GE Money Bank.

27. In late 2013, Toyama became delinquent in his obligations to GE Money Bank.

28. While Toyama made a partial payment to GE Money Bank in May of 2014, he remained remained delinquent in his obligations since December of 2013 on forward.

29. On or about late July to August 1, 2018, Defendants began calling Toyama repeatedly.

30. On August 1, 2018, Defendants' agent or employee "Matt Lane" called Toyama and claimed that "SCB" owned Toyama's account with GE Money Bank, and was calling to collect.

31. When Toyama was insufficiently compliant with Defendants' demand for money, "Matt Lane" transferred the call to Defendant Ronald Elias, who told Toyama that "SCB" reported to the credit bureaus that Toyama owed a debt to "SCB."

32. This representation was a complete fabrication, as Toyama later verified.

33. When Ronald Elias was unable to extract money from Toyama, he transferred the call to a third debt collector, who identified herself only as "Penny," who in turn tried to pressure Toyama into paying money to Defendants.

34. This telephone call was recorded, and Defendant Patricia Adams possesses a copy of this recording, which she played back to Toyama in person on June 11, 2019.

35. Defendants repeatedly called Toyama's cellular telephone and continue to call up to the present.

Complaint

36.	Defendants also sent collection letters to Toyama.

37.	On October 11, 2018, Defendant Patricia Adams sent Toyama a letter, in an envelope bearing a return address with the name "SCB, Inc."

38.	"SCB, Inc" is not a registered entity with the Secretary of State of the State of California and appears not to exist.

39.	There is an entity with the name "S.C.B., Inc" registered with the California Secretary of State, but that entity has apparently been suspended since around 1986, when their agent for service of process resigned.

40.	Defendant Patricia Adams' false statements did not end at the envelope, however, but continued in the enclosed letter, where she claimed to be a "Legal Investigator/Collections-LCEU."

41.	Based on a search of the records of the California Bureau of Security and Investigative Services, it appears that Ms. Adams is not licensed as an investigator of any kind in California.

42.	Ms. Adams appears to have a habit of claiming false titles for herself, as she later clamed in the small claims action filed against Toyama that she (Ms. Adams) was the "Legal Collection Manager with SCB, Inc," *an entity that does not exist*.

43.	In the above October 11, 2018 letter, Ms. Adams threatened to sue Toyama if he did not pay defendants within seven days.

44.	On October 24, 2018, Defendants filed a lawsuit against Toyama, in Small Claims Court, in the Superior Court of California for the County of San Diego, in the matter entitled *SCB, Inc v. Niel Toyama*, Case no. 37-2018-00054317-SC-SC-CTL ("Small Claims Action").

/ / /

/ / /

/ / /

/ / /

Complaint

45. In the complaint ("Small Claims Complaint") filed in the Small Claims Action, Defendants identified the small claims plaintiff as "SCB, Inc" and alleged as follows: "Default/Breach of Promise to Pay Agreement with SCB, Inc (GEMoney/Care Credit-Dental). Written demands and numerous phone calls ignored. Plaintiff purchased debt and owns all rights to debt."

46. These allegations were false, and even were these claims true they were unenforceable as they were time barred.

47. Furthermore, Defendants false business name, "SCB, Inc" lacked standing not only because this claimed entity did not exist, but because debt buyers, as Defendants alleged "SCB, Inc" to be, cannot file in small claims court.

48. Defendants also filed their false claims in the wrong venue, both because they filed in a county where Toyama did not live, and never lived, and because Defendants filed in small claims, when the Code of Civil Procedure specifically prohibits suits by debt buyers in that venue.

**False Claim as to Existence of "SBC, Inc"**

49. Defendants filed suit under a false name, "SCB, Inc," which is not the name of any real entity that existed at the time of the filing of the Small Claims Action, October 24, 2019.

50. Defendants also alleged that a contract existed between Toyama and this false entity, which is another false representation.

51. While at trial in the Small Claims Action, Defendant Patricia Adams also falsely claimed that Toyama had entered an oral contract with "SCB, Inc" in 2018, which is both false because Toyama entered no oral agreement with Defendants, and because "SCB, Inc," a supposed party to this imagined contract, did and does not exist.

/ / /

/ / /

/ / /

Complaint

*Filing of Time Barred Claims*

51. As noted above, Toyama became delinquent on his obligations to GE Money Bank in late 2013, and even his last partial payment occurred by May 4, 2014.

52. Defendants filed their false claims on October 24, 2018, more than four years after this date, and nearly five years after Toyama became delinquent.

53. Under California Code of Civil Procedure §337, any claim based on a written instrument must be filed within four years of breach.

54. While at trial in the Small Claims Action, Defendant Patricia Adams falsely claimed that Toyama had entered an oral contract with "SCB, Inc" in 2018, and claimed that on this basis the statute of limitations was tolled.

55. This claim was also false: under California Code of Civil Procedure §360, an oral contract cannot toll the statute of limitations for contractual claims.

56. By filing an unenforceable claim, Defendants misrepresented the legal status of a debt.

*Filing in an Unlawful Venue*

57. At paragraph 3(a) of the Small Claims Complaint, Defendants alleged that "SCB, Inc" was an assignee of the debt at issue.

58. California Code of Civil Procedure §116.420(a) prohibits suits by assignees in small claims: "No claim shall be filed or maintained in small claims court by the assignee of the claim."

59. Not only did "SCB, Inc" not exist, but if they existed, they had no standing or right to file suit in small claims.

*Distant Forum Abuse*

60. In the Small Claims Complaint, Defendants alleged that Toyama had his address in Menifee, California, which is in Riverside County.

61. Toyama does not live in San Diego and has never lived in San Diego.

///

Complaint

62. Despite the fact that Defendants clearly knew that Toyama lived in Menifee, they chose to file in San Diego County regardless.

63. Code of Civil Procedure §395(a) prohibits this abusive behavior, and mandates that suit be filed in the county where the debt was incurred, or where the defendant resides at the time the action was commenced.

64. The FDCPA, which governs the behavior of all Defendants as well, is even more restrictive, providing at 15 USC 1692(i) that a debt collector may only file suit where the consumer resides at the outset of the action, or where the contract at issue was signed.

65. Toyama did not reside in San Diego at the commencement of the Small Claims Action and never signed any contract regarding the debt at issue in San Diego County.

66. This willful choice to force Toyama to travel to a distant court or risk default caused Toyama significant damages.

67. In fact, Toyama has already been forced to travel to San Diego twice for hearings in the Small Claims Action and is scheduled for a third trial hearing on July 2, 2019.

***Failure to identity Charge-Off Creditor and Chain of Title***

68. Defendants falsely claimed to be an entity named "SCB, Inc," and that "SCB, Inc" was an assignee of the debt alleged.

69. One of the statutes that regulates real entities that purchase debts, including Specialized, is the Fair Debt Buying Practices Act, or FDBPA.

70. The FDBPA requires debt buyers such as Specialized to disclose that they are debt buyers, and to disclose the "charge-off creditor" by name and address, and the name and address of all entities who purchased the debt after charge-off.[1]

71. Defendants, including Specialized, violated these disclosure requirements, as well as virtually every other provision of the FDBPA, including the prohibition on filing time barred lawsuits.

Complaint

V.   **Allegations Specific to Certain Claims for Relief**

**FIRST CLAIM FOR RELIEF**

**(Violations of the FDCPA by all Named Defendants)**

72. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the paragraphs above.

73. Defendants violated the FDCPA. Defendant's violations include, but are not limited to the following:

    a. 15 U.S.C. §1692d by engaging in behavior the natural consequence of which is to harass, abuse or oppress;

    b. 15 U.S.C. §1692e by making a false, deceptive or misleading misrepresentation in the collection of a debt;

    c. 15 U.S.C. §1692e(2) by misrepresenting the character, amount or legal status of a debt;

    d. 15 U.S.C. §1692e(5) by threatening to take action that cannot legally be taken, or was not intended to be taken;

    e. 15 U.S.C. §1692e(10) by use of a false representation or deceptive means to collect a debt;

    f. 15 U.S.C. §1692f by use of an unfair or unconscionable means to collect or attempt to collect a debt;

    g. 15 U.S.C. §1692f(1) by collection of an amount not expressly authorized by the agreement creating the debt, or by law; and

    h. 15 U.S.C. §1692i(a)(2) by bringing a legal action in a judicial district other than where the consumer lives or signed a contract related to the debt at issue.

74. Plaintiff is entitled to actual damages sustained as a result of Defendants' conduct, in an amount according to proof; to statutory damages of $1,000 each; to costs of the action; and to reasonable attorney's fees, all pursuant to *15 U.S.C. §1692k.*

---

[1] California Civil Code §1788.58

Complaint

## SECOND CLAIM FOR RELIEF

### (Violations of the Rosenthal Act by all Named Defendants)

75. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

76. Based on information and belief, Defendants' acts and omissions violated California Civil Code § 1788, *et seq*.

77. Defendants violated Cal. Civ. Code §1788.17, which incorporates several of the provisions of the Fair Debt Collection Practices Act ("FDCPA"), including, but not limited to, the following:

   a. 15 U.S.C. §1692d by engaging in behavior the natural consequence of which is to harass, abuse or oppress;

   b. 15 U.S.C. §1692e by making a false, deceptive or misleading misrepresentation in the collection of a debt;

   c. 15 U.S.C. §1692e(2) by misrepresenting the character, amount or legal status of a debt;

   d. 15 U.S.C. §1692e(5) by threatening to take action that cannot legally be taken, or was not intended to be taken;

   e. 15 U.S.C. §1692e(10) by use of a false representation or deceptive means to collect a debt;

   f. 15 U.S.C. §1692f by use of an unfair or unconscionable means to collect or attempt to collect a debt; and

   g. 15 U.S.C. §1692f(1) by collection of an amount not expressly authorized by the agreement creating the debt, or by law; and

   h. 15 U.S.C. §1692i(a)(2) by bringing a legal action in a judicial district other than where the consumer lives or signed a contract related to the debt at issue.

78. Defendants' violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to Civil Code § 1788.30(b).

Complaint

79. As a proximate result of the violations of the Rosenthal Act committed by Defendants, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages in an amount up to $1,000.00 each pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c).

### THIRD CLAIM FOR RELIEF
### (Violations of the FDBPA by Defendant Specialized)

80. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

81. Specialized's acts and omissions violated the California Fair Debt Buying Practices Act including, but not limited to Cal. Civ. Code §§1788.56 and 1788.58(a).

82. Specialized violated Cal. Civ. Code §1788.56 by filing a time barred claims against a consumer.

83. Velocity's violations of Cal. Civ. Code §1788.58(a) include, but are not limited to the following:

   a. Failing to state the name and an address of the charge-off creditor at the time of charge off and the charge-off creditor's account number associated with the debt;

   b. Failing to state the names and addresses of all persons or entities that purchased the debt after charge-off, including the plaintiff debt buyer.

84. As a proximate result of the violations of the California Fair Debt Buying Practices Act, Toyama is entitled to his actual damages, statutory damages, reasonable attorney's fees and costs of this action.

/ / /

/ / /

/ / /

Complaint

-12-

**PRAYER FOR RELIEF**

Plaintiff prays that judgment be entered against all named Defendants, and prays for the following relief:

**FDCPA**

1. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against all Defendants and for the Plaintiff;

2. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against all Defendants and for the Plaintiff;

3. An award of costs of litigation and reasonable attorney's fees against all Defendants and for the Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(3);

**Rosenthal Act**

4. An award of actual damages pursuant to California Civil Code § 1788.30(a) against all named Defendants and for Plaintiff;

5. An award of statutory damages of $1,000.00 pursuant to California Civil Code § 1788.30(b) against all named Defendants and for Plaintiff;

6. An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c) against all named Defendants;

**FDBPA**

7. An award of actual damages pursuant to California Civil Code § 1788.62(a)(1) against Specialized and for Plaintiff;

8. An award of statutory damages of $1,000.00 pursuant to California Civil Code § 1788.62(a)(1) against Specialized and for Plaintiff;

9. An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.62(c)(1) against Specialized and for Plaintiff; and

10. Such other and further relief this court may deem just and proper.

/ / /

/ / /

/ / /

Complaint

# JURY DEMAND

1. Plaintiff demands a trial by jury.

Date: June 27, 2019             /s/ Stephen G. Recordon
                                STEPHEN G. RECORDON
                                Attorney for Plaintiff

Complaint